José Tous Soto, demandante y apelado, *v.* Ana María Manescau, demandada y apelante.

No. 6264.—*Sometido:* Febrero 6, 1933. *Resuelto:* Febrero 17, 1933

R. Átiles Moreu, abogado de la apelante; *Tous Soto & Zapater*, abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Se nos pide que desestimemos este recurso principalmente por el motivo de ser frívolo. Hubo un juicio en este caso, y

la demandada apelante obtuvo varias prórrogas para preparar la transcripción de la evidencia. Ésta fué finalmente trasmitida a la corte, y los autos demuestran que el juez aprobó una transcripción de evidencia. El apelado nos presenta una alegada copia de ese documento, y certifica que es la misma copia que fué presentada a la corte de distrito para su aprobación, que fué impartida. Un examen de las alegaciones y la evidencia que aparece en la transcripción taquigráfica nos convence de que el recurso es en realidad frívolo. La transcripción así certificada demuestra que el demandante suscribió un pagaré como fiador de la demandada. Si bien es cierto que demandante y demandada firmaron la obligación como pagadores principales, el récord no deja lugar a dudas de que el pagaré fué otorgado en beneficio de la demandada. No importa que ella no prometiera expresamente reembolsar al demandante. La demandada hizo varios abonos, y la deuda quedó reducida a $520. Por esta cantidad, demandante y demandada suscribieron un nuevo pagaré. Lo satisfizo el propio demandante.

Dado el hecho de que la demandada era primariamente responsable, no importa, en lo atañedero al banco, que demandante y demandada se hicieran solidariamente responsables. La obligación de la demandada para con el actor quedaba en pie por cualquier cantidad que él satisficiese. Asimismo, es indiferente que el banco requiriera o no a José Tous Soto para el pago de la obligación de $520. Tampoco afectaría la responsabilidad de la demandada el que José Tous Soto recogiera el pagaré de $520 firmado por ambas partes y otorgara al banco un pagaré individual. Incidentalmente puede observarse que la demanda alegó que tanto el demandante como la demandada firmaron el pagaré, y esta alegación no fué negada por la contestación. La demandada dijo en su contestación que si el demandante suscribió el pagaré, lo hizo como deudor principal.

Bajo estas circunstancias, creemos que aparece suficientemente que la apelación es frívola, *y debe ser desestimada.*